Haynes v. Powell.

HAYNES *et als v.* POWELL *et als.*

1. ORIGINAL ATTACHMENT. *What the bill must charge.* In proceedings under original attachment the bill must alledge one or more of the grounds for granting the writ provided by the statute, in the language of the statute, or in words of equivalent import. Two or more of the grounds may be stated in the alternative, but if the bill charges that some of the causes of attachment exist, or that some other fact is true which is not a ground for attachment, it is not equivalent to any positive charge that any cause for attachment exists, and the proceedings thereunder are subject to impeachment.

2. SAME. *When charge not sufficient. Void proceeding.* A charge of non-residence, removal, or absconding from the State, is not supported by the fact that the defendant was beyond the State as a follower of either cause during the civil war, and separated from the place where the court was held by hostile lines of the opposing armies. A decree-

obtained in this way against a defendant may be set aside for fraud, in a new proceeding instituted for that purpose.

3. SAME.  *Void proceedings.  How ratified.*  Where property is sold under void proceedings the defect may be cured by the subsequent ratification of the party interested.  A sale of property under an attachment bill against a party who, at the time the bill was filed, was beyond the State as a Confederate Senator, is void ; but complainants having by another proceeding, to which defendant was a party, sought to reach other property of the defendant, in discharge of the unsatisfied balance of the decrees obtained under the void proceedings, and the defendant having answered, and with full knowledge of the facts, recognized the sale under that proceeding; *Held,* that he could not afterwards impeach it.

## FROM KNOX.

Appeal from the Chancery Court at Knoxville. JOHN H. CROZIER, Sp. Ch.

J. B. HEISKELL for complainant.

for defendants.

McFARLAND, J., delivered the opinion of the court.

In the latter part of the year 1863, and after the city of Knoxville had been occupied by the Federal army, three attachment bills were filed in the Chancery Court at Knoxville against Landon C. Haynes, claiming in each debt against said defendant, and in each case attaching a house and lot in Knoxville belonging to him, and formerly his residence.  The first bill was by Thos. J. Powell, the second by John Baxter and the Exchange and Deposit Bank jointly, and the third by the firm of Staub & Co.  Said Haynes was a citizen of Knoxville, and was at the time Senator in the Confederate Congress, and upon

the approach of the Federal army had, with his family, retired within the Confederate lines in the State of Virginia and remained without the State of Tennessee until after the close of the war. The three causes mentioned were each prosecuted to final decree, but there was no service of process or appearance of said Haynes. The house and lot attached was sold by decree rendered in the first named case, which was prior in time to the other two. The sale was made on the 2nd of March, 1865, to C. M. McGhee for $6,000. McGhee transferred his bid to W. H. Lillard, to whom the sale was confirmed, and in whom title was vested. The purchase money was subsequently collected and applied first, after payment of costs, to the satisfaction of the decree of said Powell, and, by decree rendered in the second named case, the remainder was applied *pro rata* to the decrees in favor of John Baxter and the Exchange and Deposit Bank, leaving a balance unpaid on each of these debts. Said Lillard soon after his purchase sold and conveyed the property mentioned to John R. Branner, who was at the time the personal representative of his deceased brother, W. A. Branner, and who made the purchase with the funds belonging to said estate as a home for his brother's family. This purchase was subsequently ratified by a decree of the Chancery Court at Knoxville, and the title vested in the heirs of W. A. Branner, who, with their mother, have since held the property in possession.

After the termination of the three attachment suits against said Haynes before referred to, to-wit, on the

4th of December, 1867, the Exchange and Deposit Bank, John Baxter, and the firm of Staub & Co., filed a joint bill in the Chancery Court at Jonesboro against said Landon C. Haynes and others. The allegations of this bill need not be further stated than to say, that its object was to reach certain real estate of said Haynes in Washington county to satisfy the demands of the several complainants. These demands were stated to be founded upon the decrees of the Chancery Court at Knoxville in the first named case, which are specifically set forth, but the decrees in favor of the bank and Baxter were admitted to have been partially satisfied by the sale of the house and lot in Knoxville. Under this bill, process was served upon Haynes, and he filed his answer, in which, among other things, he said: "Respondent is informed and believes that the debts due said bank and said Baxter were partly discharged by a sale of respondent's residence in Knoxville, but to what extent respondent has no knowledge except from the bill of complainants, and he therefore does not admit said amounts are still due, but calls for full proof thereof."

Upon the hearing the decree was in favor of the complainants for the amounts claimed by them upon the basis of their decrees in the Knoxville cases. This decree remains unreversed.

On the 29th day of December, 1873, the present bill was filed by said Haynes, the object of which is to recover the house and lot in Knoxville, with an account of rents. It charges that the attachment bill of Thos. J. Powell first referred to, under which the

property was sold, was void, but makes no reference to the other causes above referred, which, however, are brought in by the answers and proof. The bill makes Thos. J. Powell, the widow and heirs of W. A. Branner, W. H. Lillard, the executor of John R. Branner, who has since died, and the minor children of W. M. Branner, a son of John R. Branner, defendants.

The complainant Haynes died pending the cause, and it has been revived in the names of his heirs. The cause was heard before Special Chancellor Hon. John H. Crozier, who rendered a decree in favor of the complainants for the recovery of the property, with an account of rents against Lillard for the time he had the property, and with an account of rents against the heirs of W. A. Branner from the time they became owners by the decree of the court on the — day of —— 1869, excluding, however, the rents of a new house built by them upon the lot, but the Chancellor held that as defendants, the Branner heirs, had in good faith paid for the property $6,000, which went in payment of the debts of said Haynes, this sum should be refunded to them with interest from the date of the Chancellor's decree, April 3, 1876, and the same was declared a lien upon the property; they were also allowed the value of permanent improvements and taxes paid, excluding the taxes on the new house. From this decree the widow and heirs of W. A. Branner have appealed.

We should probably hold that the proceedings of Thos. J. Powell against Landon C. Haynes, being the

one attacked by this bill, and under which the property in question was sold, are subject to be declared void under the decisions of this court. It is doubtful if the bill upon its face makes a case for an attachment; the charge is that "said Landon C. Haynes has fled from this State and has gone beyond its limits as he is informed and charges, or that he so absconds or conceals himself that the ordinary process cannot be served upon him."

If the charge that he had fled from the State or gone beyond its limits be equivalent to a charge either that he was a non-resident or that he was about to remove or had removed himself from the State, then the charge would be sufficient, inasmuch as it is allowable to charge the several grounds of an attachment in the alternative. On the other hand, if these charges are not equivalent to some one of the grounds of attachment in the statute, then the charge as a whole is not sufficient. For it is not sufficient to charge in the alternative either that some of the causes of attachment exist, or that some other fact is true which is not ground for attachment. For it is not equivalent to a positive charge that any cause of attachment exists, but aside from this it has been held by this court in one or more thoroughly considered cases that a charge of non-residence, of removal or removing from the State, absconding, etc., as grounds of attachment, when, in fact, the defendant, as in this case, was beyond the State by reason of his hostile attitude as a belligerant or a follower of either cause during the late war, and where he was separated from

the place where the court was held by hostile lines of the opposing armies, was in the nature of a fraud, and decrees thus obtained may be set aside in a new proceeding instituted for the purpose and the fact made to appear. Such, in any event, is manifestly this case, so that if nothing else appeared complainant would be entitled to a decree. But what is the effect of the subsequent proceeding instituted by John Baxter and others at Jonesboro, before referred to, and in which complainant Haynes was duly served with process, and in which he appeared and filed his answer. We are satisfied from the proof that before the complainant Haynes filed his answer in the last named cause at Jonesboro, he was fully informed as to the nature of the several causes at Knoxville, and it is made probable that he had copies of the several bills; he certainly knew the claims brought against him in these several causes, and the amount for which his property sold, which, according to the proof, was its full value.

It is perfectly competent for a party to acquiesce in and ratify a sale of his property made in the first instance without any authority. In the bill filed at Jonesboro, Haynes was informed that the complainant therein claimed several decrees against him founded upon their attachment proceedings at Knoxville, and further, that the decree in favor of Baxter and the bank had been partly satisfied by a sale of his property in Knoxville, what the property was, and what sale was referred to, he was, we think, well informed. With this knowledge, he took the position in his an-

swer that these debts had been partly paid by the sale of his property referred to, and called upon the parties to prove that the balance was as large as claimed. This was claiming and receiving to this extent the benefit of the sale by applying the proceeds to the payment of his debts. After this he ought not to be permitted to repudiate the sale, although made without authority in the first instance. He not only claimed this benefit of the sale, but submitted to an adjudication of his rights upon this basis. In order to adjudge, as was adjudged in that case, the balance due the bank and John Baxter, the fact that the property sold for a given sum, and of this so much was appropriated to the prior claim of Powell, leaving an amount to be appropriated to the other debts, must have of necessity been considered. If the complainant Haynes had, with a full knowledge of all the facts, received from the purchaser of the property the surplus remaining after satisfying the debt of Powell, had such been the decree of the court, we think he would have been estopped afterward to impeach the sale, and recover back the property. We see no difference between this and agreeing to appropriate the surplus to his other debts, or having the matter so adjudicated at his instance.

The decree of the Chancellor will be reversed, and the bill dismissed with costs.